Slip Op. 13-135

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **BEST KEY TEXTILES CO. LTD.,**<br><br>        Plaintiff,<br><br>    v.<br><br>**THE UNITED STATES,**<br><br>        Defendant. | Before: Claire R. Kelly, Judge<br>Court No. 13-00268 |

**OPINION**

[Granting Plaintiff's Motion for Entry of Judgment and ordering the sixty-day notice period for the effective date of Customs Ruling HQ H202560 to run from October 17, 2013.]

Dated: November 4, 2013

John M. Peterson, Maria E. Celis, Richard F. O'Neill, Neville Peterson LLP of New York, NY, for plaintiff Best Key Textiles Co. Ltd.

Marcella Powell, Beverly A. Farrell, Trial Attorneys, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for defendant. With them on the brief were Stuart F. Delery, Assistant Attorney General, and Jeanne E. Davidson, Director. Of counsel on the brief were Claudia Burke, and Tara K. Hogan, Department of Justice, and Paula S. Smith, Office of the Assistant Chief Counsel, International Trade Litigation, United States Customs and Border Protection of New York, NY.

    Kelly, Judge: Plaintiff filed this action on August 1, 2013 seeking "to compel agency action unlawfully withheld or unreasonably delayed." Pl.'s Compl. ¶ 1, Aug. 1, 2013, ECF No. 2. In particular, plaintiff sought to compel United States Customs and Border Protection ("CBP" or "Customs") "to complete consideration of a proposal to revoke a Customs ruling pursuant to Section 625 of the Tariff Act of 1930, as amended,

19 U.S.C. § 1625." Pl.'s Compl. ¶ 1. The defendant sought to dismiss this case for failure to state a cause of action and lack of jurisdiction under 28 U.S.C. § 1581(h).[1] Def.'s Mot. Dismiss for Lack of Jurisd. and for Failure to State a Claim upon which Relief Can Be Granted, Aug. 21, 2013, ECF No. 26 ("Defendant's Motion to Dismiss"). Upon the completion of the revocation of New York Customs Ruling N187601, entitled HQ H202560 ("Revocation Letter"), the defendant argued for the dismissal of this action as moot. Def.'s Resp. to Pl.'s Mot. for Decl. J., Oct. 25, 2013, ECF No.'s 49-50 ("Defendant's Response"). Plaintiff asks this court to enter a judgment deeming the § 1625(c) sixty-day notice period for the Revocation Letter as running from October 17, 2013. Pl.'s Mot. Entry J. Order. 1, Oct. 18, 2013, ECF No. 45 ("Plaintiff's Motion"). For the reasons set forth below, Plaintiff's Motion is granted, defendant's motion to dismiss for lack of jurisdiction is denied, and the defendant's motion to dismiss for failure to state a claim is denied as moot.

**Background**

Plaintiff sought to compel CBP to complete consideration of a proposal to revoke New York Customs Ruling N187601 pursuant to 19 U.S.C. § 1625.

Section 1625 provides:

>   (c) Modification and revocation
>
>   A proposed interpretive ruling or decision which would—

---

[1] Although plaintiff alleged jurisdiction under 28 U.S.C. § 1581(i) in its complaint, defendant failed to address § 1581(i) jurisdiction in its Motion to Dismiss. The defendant only briefed the court's § 1581(h) jurisdiction. See Defendant's Motion to Dismiss. Despite the defendant's failure to brief all asserted avenues of jurisdiction, this court must determine for itself that it has subject matter jurisdiction over the plaintiff's cause of action.

> (1) modify (other than to correct a clerical error) or revoke a prior interpretive ruling or decision which has been in effect for at least 60 days; or
>
> (2) have the effect of modifying the treatment previously accorded by the Customs Service to substantially identical transactions;
>
> shall be published in the Customs Bulletin. The Secretary shall give interested parties an opportunity to submit, during not less than the 30-day period after the date of such publication, comments on the correctness of the proposed ruling or decision. After consideration of any comments received, the Secretary shall publish a final ruling or decision in the Customs Bulletin within 30 days after the closing of the comment period. The final ruling or decision shall become effective 60 days after the date of its publication.

Tariff Act of 1930, § 625, 19 U.S.C. § 1625(c)(2006).[2]

Seventy days after the close of the comment period, plaintiff brought this action and sought expedited review. On August 7, 2013, the court ordered an expedited briefing schedule. Order, Aug. 7, 2013, ECF No. 20.[3] On September 20, 2013, the defendant informed the court that CBP had completed its consideration of the ruling request and that the Revocation Letter would appear in either the October 2, 2013 or October 9, 2013 Customs Bulletin. Def.'s Notice to Ct. and Req. for Status Conf. 1, Sept. 20, 2013, ECF

---

[2] Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code, 2006 edition.

[3] Pursuant to that briefing schedule, the plaintiff responded to Defendant's Motion to Dismiss but also moved to convert Defendant's Motion to Dismiss to a motion for judgment. Pl.'s Cross-Mot. J. Agency R., Sept. 5, 2013, ECF No. 29. Thereafter, the defendant moved to strike the plaintiff's motion to convert. Def.'s Mot. Strike Pl.'s Cross-Mot. for J. Agency R. and Reply Mem. in Further Supp. of Def.'s Mot. Dismiss for Lack of Jurisd. and for Failure to State a Claim upon which Relief Can Be Granted, Sept. 19, 2013, ECF No. 33. At that point the defendant informed the court that the Revocation Letter had been completed. On October 23, 2013, the court ordered the defendant to file an answer along with its response to Plaintiff's Motion and it did so on October 25, 2013. See Order, Oct. 23, 2013, ECF No. 47; Def.'s Answer, Oct. 25, 2013, ECF No. 48; Defendant's Response.

No. 34 ("Defendant's Req. for Status Conf."). Plaintiff asked for an advance copy of the Revocation Letter and the defendant declined to provide one. Plaintiff then moved for an order directing the defendant to file a copy with the court. Pl.'s Mot. in Limine for an Order Dir. Def. to File Agency Det. with Ct. 1, Sept. 24, 2013, ECF No. 37 ("Pl.'s Mot. in Limine"). On October 1, 2013, the court ordered the defendant to file an advance copy of the ruling. Order, Oct. 1, 2013, ECF No. 39 ("Order to File").

However, on September 30, 2013, the Department of Justice ("Justice") requested a stay in the event of a lapse in appropriations. Dep't Justice Req. for Stay in Event of Lapse in Appropriations, Sept. 30, 2013 ("Request for Stay"). In its Request for Stay, Justice sought "a stay of all cases with deadlines between October 1, 2013, and the end of any lapse in appropriations to the Department of Justice." Id. at 2. On October 1, 2013, there was a lapse in Federal appropriations and parts of the Federal government shut down and did not reopen until October 17, 2013. Many government employees were prohibited from working, with limited exceptions for certain essential functions. See Anti-Deficiency Act, 31 U.S.C. § 1342 (2006). In response to Justice's Request for Stay, the Chief Judge of this Court entered consecutive Orders, each applicable to all actions in which the government was a party, each tolling the period for responses to Court orders during the shutdown. See Order re Ext. of Filing Due Dates Occurring during Lapse in Federal Appropriation, Oct. 1, 2013; Order re Ext. of Filing Due Dates Occurring during Lapse in Federal Appropriation, Oct. 11, 2013.

The government shutdown ended on October 17, 2013. Subsequently, the Revocation Letter became available through the Government Printing Office ("GPO")

website and on October 18, 2013, pursuant to the Order to File, the defendant filed under seal an advance copy of the Revocation Letter. That same day plaintiff filed Plaintiff's Motion.[4]

On October 21, 2013, the court held a telephone conference in which it asked the parties to consult with their clients and each other and to report back to the court on whether a joint application for judgment could be made. After consultation, the parties informed the court that they could not reach an agreement as to when the sixty-day notice period should begin to run. On October 23, 2013, the court issued a scheduling order for the parties to submit briefs on Plaintiff's Motion.

## Discussion

### Jurisdiction

This court had uncontested § 1581(i) jurisdiction[5] over the plaintiff's claim that CBP had unlawfully withheld or unreasonably delayed agency action. 28 U.S.C. § 1581(i) (2006).[6] However, in order to address the court's jurisdiction over Plaintiff's Motion it is necessary to construe the plaintiff's complaint. The plaintiff sought a "final determination regarding the proposed revocation of the Yarn Ruling, New York Customs Ruling N187601." Pl.'s Compl. ¶ 32. Plaintiff claimed that CBP had unlawfully withheld

---

[4] Although the defendant filed a copy of the Revocation Letter with the court on October 18, 2013, as required by the court's Order to File, the plaintiff has conceded that the document was available to the public on October 17, 2013, when the government shutdown ended and the GPO reopened its online store for publications.

[5] See supra note 1.

[6] Further citation to Title 28 of the U.S. Code is to the 2006 edition.

or unreasonably delayed agency action in violation of section 706(1) of the Administrative Procedure Act ("APA"). Pl.'s Compl. ¶ 1.

> Plaintiff's prayer for relief adds,
>
> Wherefore, plaintiff Best Key Textiles Ltd. respectfully prays that this Court enter judgment in its favor, and enter an order setting a reasonable deadline for Customs to issue its final action under 19 U.S.C. § 1625 determination regarding the proposed revocation of the Yarn Ruling, *New York Customs Ruling N187601 of October 25, 2011*; and providing plaintiff with such further and additional relief as the Court may deem just.

Pl.'s Compl. 12. Defendant argues that as CBP has published its ruling there is no longer any live case or controversy and thus the court is required to deny the motion and dismiss the case as moot. Defendant's Response 1.

The court has an obligation to construe the pleadings so as to do justice. See USCIT Rs. 1 and 8(f). One could take a narrow view of the plaintiff's complaint and find that all the plaintiff asked for was "a ruling" and not a ruling that provided the notice guaranteed by the statute and this Court. See Am. Bayridge Corp. v. United States, 22 CIT 1129, 1152, 35 F. Supp. 2d 922, 941 (1998) (finding that § 1625(c) notice requirements were mandatory), *vacated in part on other grounds* Am. Bayridge Corp. v. United States, 217 F.3d 857 (Fed. Cir. 1999). Plaintiff would then be forced to bring a new case before this Court seeking injunctive and declaratory relief as to when the statutorily required sixty-day notice period began to run. Doing so would be an injustice given the facts of this case and extraordinary events of the government shutdown. Alternatively, the court can, and will, construe the plaintiff's complaint broadly as including a challenge to CBP's administration of the ruling revocation process of 19 U.S.C. § 1625(c) in so far as it is inconsistent with the APA.

This court has all the powers in law and equity. See 28 U.S.C. § 1585. As an equitable matter, no prejudice accrues to the defendant from construing the plaintiff's claim broadly. See Foman v. Davis, 371 U.S. 178, 181-82 (1962). It is reasonable to expect that the defendant understood the plaintiff to have been asking not only for a § 1625 ruling within the time frame set by Congress, but one that also complied with congressionally-mandated period for notice. See Am. Bayridge Corp., 22 CIT at 1152. See also Former Emp. of Quality Fabricating, Inc. v. United States Dep't of Labor, 28 CIT 679, 343 F. Supp. 2d 1272, 1285-86 (2004) (stating that "[w]hen the court sits in equity it is not limited solely to the language of the pleadings, especially when the pleadings contain prayers in the alternative."). More importantly, the defendant has made no claim that the sixty-day notice is not required, only that it has been met. In fact, the defendant in its papers referenced and relied upon these very requirements. See Def.'s Resp. to Pl.'s Mot. in Limine 3-4, Sept. 30, 2013, ECF No. 38 (arguing that "because a final ruling or decision pursuant to section 1625(c) only becomes effective 60 days after the date of publication, [plaintiff had] no need for an advance copy. Customs' final determination has no legal status for the purposes of section 1625(c) until publication, and that is why the agency does not typically release that determination until a publication date is known.").

Construing the plaintiff's claim as including a claim that CBP comply with all the time frames contained in the statute is reasonable. One of the purposes of § 1625 was to "provide assurances of transparency concerning Customs rulings and policy directives through publication in the Customs Bulletin or other easily accessible source." H.R. Rep. No. 103-361, at 124 (1993), reprinted in U.S.C.C.A.N. 2552, 2674. Moreover, the plaintiff

has aggressively sought to enforce the time frames set forth in the statute. After quickly obtaining a protective order with the defendant's assistance, it brought suit to compel CBP to issue the contested ruling approximately forty days after the decision was due. See Pl.'s Compl. ¶ 27 (stating that seventy days had passed since the comments period closed). It sought expedited review. Pl.'s Appl. Order Dir. Def. to Show Cause 2, Aug. 2, 2013, ECF No. 10. After the defendant timely and appropriately informed the court and the plaintiff that the ruling had been completed, the plaintiff moved to see it. See In court teleconference, Sept. 23, 2013, ECF No. 35; see also Pl.'s Mot. in Limine 1. One cannot complain that the plaintiff has sat on its hands. Although the unique circumstance that the government shutdown would coincide with the date of the Customs Bulletin could not have been anticipated by the defendant, it certainly could not have been anticipated by the plaintiff either. Thus, the court will construe the pleadings to do justice in accordance with USCIT R. 8(f) and determine that those pleadings include a claim that the defendant must give the statutorily required notice.

While the plaintiff's claim that CBP has unlawfully withheld or unreasonably delayed agency action has been mooted by the issuance of the Revocation Letter, plaintiff's claim that the Revocation Letter fails to meet the statutory notice requirements survives. The court has jurisdiction pursuant to 28 U.S.C. § 1581(i)(4) to hear this claim.

Section 1581(i) provides:

In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—

> (1) revenue from imports or tonnage;
>
> (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
>
> (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
>
> (4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section.

28 U.S.C. § 1581(i). Where plaintiff alleges jurisdiction pursuant to § 1581(i), the Court of Appeals for the Federal Circuit has held the plaintiff must also demonstrate the unavailability of all other jurisdictional provisions of § 1581(a)–(h), or that the remedies provided thereby are manifestly inadequate. See, e.g., Am. Air Parcel Forwarding Co. v. United States, 718 F.2d 1546, 1549 (Fed. Cir. 1983) (citing to United States v. Uniroyal, Inc., 69 CCPA 179, 182-3, 687 F.2d 467, 471 (1982)). See also Nat'l Corn Growers Ass'n v. Baker, 840 F.2d 1547, 1557 (Fed. Cir. 1988); Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987), cert. denied, 484 U.S. 1041, (1988). Another § 1581 basis of jurisdiction is not "unavailable" when a plaintiff could have successfully invoked jurisdiction on those grounds but merely failed to do so. Miller & Co., 824 F.2d at 963. Here, no other basis of jurisdiction is available to the plaintiff.

Section 1625(c) provides Customs with a procedure to follow when it proposes interpretive rulings or decisions that would effectively modify or revoke a prior interpretive ruling or decision. The procedure is as follows: (1) the Secretary shall give interested parties an opportunity to submit comments on the correctness of the proposed ruling during a period of not less than 30 days after the date of publication of the proposed

modification or revocation; (2) after considering the comments received, the Secretary shall publish a final ruling or decision in the <u>Customs Bulletin</u> within 30 days after closing of the comment period; and (3) the final ruling or decision shall become effective sixty days after the date of its publication. <u>See</u> 19 U.S.C. § 1625.

Section 1581(i) is the proper basis to challenge CBP's failure to comply with § 1625's requirements. No other subsection of § 1581 allows for such a challenge. The failure to comply with the procedural requirements of § 1625 is not a protestable decision that would support jurisdiction under subsection (a). <u>See</u> 19 U.S.C. § 1514(a).[7] While the underlying ruling may involve the classification of merchandise, the "decision" to publish that ruling is ministerial. No discretion is afforded to Customs. It must publish the decision so as to give sixty days notice. <u>See</u> <u>Am. Bayridge Corp.</u>, 22 CIT at 1152. A ministerial task is not a protestable decision. Moreover, in determining jurisdiction the court must look to the true nature of the claim. <u>See</u> <u>Norsk Hydro Can., Inc. v. United States</u>, 472 F.3d 1347, 1355 (Fed.Cir.2006) (noting that courts must therefore "look to the true nature of

---

[7] Protestable decisions include challenges to
> decisions of the Customs Service . . . as to—(1) the appraised value of merchandise; (2) the classification and rate and amount of duties chargeable; (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury; (4) the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, except a determination appealable under section 1337 of this title; (5) the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof, including the liquidation of an entry, pursuant to either section 1500 or section 1504 of this title; (6) the refusal to pay a claim for drawback; or (7) the refusal to reliquidate an entry under subsection (d) of section 1520 of this title . . . .

19 U.S.C. § 1514(a).

the action" in determining jurisdiction (quoting Williams v. Sec'y of Navy, 787 F.2d 552, 557 (Fed.Cir.1986))) (internal quotation marks omitted).  Here, from the beginning, plaintiff has challenged CBP's failure to comply with § 1625's procedural requirements, not the underlying decision.  In these circumstances, § 1625 is legally enforceable through the APA because CBP has acted "without observance of procedure required by law . . . ." 5 U.S.C. § 706(2)(d) (2006).  Therefore while the plaintiff's claim that CBP must issue a ruling is now moot, plaintiff's claim that the Revocation Letter comport with statutory time frames with respect to notice is not, and this court has jurisdiction to decide it.

**The Notice Period Began to Run on October 17, 2013**

The court must determine what notice § 1625 requires. Section 1625(c) provides that, "the Secretary shall publish a final ruling or decision in the Customs Bulletin within 30 days after the closing of the comment period," and the effective date of such final ruling or decision is "60 days after the date of its publication."  19 U.S.C. § 1625(c).  Therefore, CBP must allow sixty days notice after "publication."  The court must determine what constitutes publication for the purposes of § 1625.

Fortunately, Congress made clear its intentions regarding "publication" under § 1625.  Both the relevant Senate and House Reports to § 1625 provide that in order for the statute to be satisfied notice must remain publicly available in a retrievable format. "It is the Committee's intent that the Customs Service will be deemed to have met its publication requirements under this section if it disseminates such information through the Customs Service electronic bulletin board if such information remains publicly

available in an accessible, retrievable format." S. Rep. No. 103-189, at 76 (1993) (emphasis added). See also H.R. Rep. No. 103-361, at 124.

Here, the defendant contends that disclosure to the public was accomplished by circulating the Customs Bulletin and Decisions, Vol. 47, No. 41 dated October 2, 2013 ("CBP's Decision") to the U.S. Court of International Trade, the U.S. Court of Appeals for the Federal Circuit, and other destinations. See Defendant's Response 5. Further, the defendant maintains that a back ordered copy of CBP's Decision could have been sought by the plaintiff on September 28, 2013, on the GPO website. See id. Thus, the defendant argues that CBP's Decision was published for purposes of § 1625 on October 2, 2013 in the normal course.

Unfortunately, nothing about the publication of this decision was normal. While it may be the case that some members of the public who had previously subscribed to the Customs Bulletin would have had their issues mailed to them by a private contractor who was not affected by the government shutdown, real and continual access by the public was not available until October 17, 2013. On October 2, 2013, if a member of the public sought to access the GPO website to obtain a copy it could not. See App. to Def.'s Resp. Attach. 2, Oct. 25, 2013, ECF No. 50-1. The GPO website did not function in a manner that would allow a member of the public to retrieve the Revocation Letter during the shutdown. See id. A member of the public might have guessed that it could try to reach court libraries to obtain a copy but imposing such a burden on the public to speculate on how and where they might search out a copy of a ruling would distort the very purpose of the notice requirement, *i.e.*, easy and continuing access to information. Imposing such a

burden would run afoul of Congress's desire that information "remain[] publicly available in an accessible, retrievable format." S. Rep. No. 103-189, at 76. See also H.R. Rep. No. 103-361, at 124.  Ruling otherwise would not only conflict with congressional intent on the continuing accessibility of notice but it would lead to the anachronistic and inefficient result of requiring prospective importers to maintain paper subscriptions to government publications just in case the government shuts down.

This Court has all the powers in law and equity. See 28 U.S.C. § 1585; see also 28 U.S.C. § 2643(c)(1) (providing that the court "may order any other form of relief that is appropriate in a civil action, including, but not limited to, declaratory judgments, order of remand, injunctions and writs of mandamus and prohibition").  It would be inequitable to allow the government to shorten the Congressionally-imposed notice obligations because of such an unusual set of circumstances *i.e.*, a government shutdown.

Defendant raises the valid concern that ordering the date of the Customs Bulletin to be other than October 2, 2013 could have effects reaching beyond the instant case and parties.  See Defendant's Response 13.  However, the court is not holding that the Customs Bulletin was published on any particular date.  It is only holding that the sixty-day notice period required by Congress for the Revocation Letter runs from October 17, 2013 despite the date printed on the Customs Bulletin in which the Revocation Letter is contained.

## Conclusion

For the foregoing reasons, the Plaintiff's Motion is granted such that the sixty-day notice period required by Congress in 19 U.S.C. § 1625(c) for the New York Customs

Ruling N187601, entitled HQ H202560, must run from October 17, 2013 despite the publication date printed on the Customs Bulletin in which it is contained; defendant's motion to dismiss for lack of jurisdiction is denied; and, the defendant's motion to dismiss for failure to state a claim is denied as moot.

                                                         /s/ Claire R. Kelly  
                                                          Claire R. Kelly, Judge

Dated: November 4, 2013  
        New York, New York